PROB 12B  
(7/93)

Report Date: March 7, 2006

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MAR 09 2006

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

## Request for Modifying the Conditions or Term of Supervision with Consent of the Offender

*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: Victor Allen Hackett            Case Number: 2:01CR00067-001

Name of Sentencing Judicial Officer: The Honorable Wm. Fremming Nielsen, U.S. District Judge

Date of Original Sentence: 09/18/2001            Type of Supervision: Supervised Release

Original Offense: Aiding and Abetting the Manufacture of Methamphetamine, 21 U.S.C. § 841            Date Supervision Commenced: 01/02/2004

Original Sentence: Prison - 51 Months; TSR - 36 Months            Date Supervision Expires: 01/01/2007

## PETITIONING THE COURT

To modify the conditions of supervision as follows:

19. You shall abstain from alcohol and shall submit to testing (including urinalysis and Breathalyzer), as directed by the supervising probation officer, but no more than 6 tests per month, in order to confirm continued abstinence from this substance.

21. You shall abstain from the use of illegal controlled substances, and shall submit to urinalysis testing, as directed by the supervising probation officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

22. You shall reside in a community corrections center for a period up to 120 days. You shall not be entitled to the benefits of the prerelease component. You shall abide by the rules and requirements of the facility. You shall remain at the facility until discharged by the Court.

## CAUSE

Victor Hackett violated the conditions of his supervised release by associating with Michael Butler, who was engaged in criminal activity and was found to have possessed over $20,000 in stolen merchandise. Mr. Hackett also consumed alcohol on or about January 28, 2006, contrary to special condition 19. Victor Hackett admitted patronizing the Gypsy Joker motorcycle gang clubhouse with Michael Butler in December 2005. It should be noted that Michael Butler possessed stolen merchandise from Victor Hackett's place of employment. Mr. Hackett was aware that the stolen property was from his place of employment. The above-mentioned information was corroborated by Victor Hackett while interviewed by Detective Kelly Justice of the Airway Height Police Department.

The Court may recall that on December 29, 2004, the undersigned officer submitted a violation report alleging the offender operated a vehicle while under the influence of alcohol on December 10, 2004. Victor Hackett signed a waiver of hearing agreeing to participate in the home confinement program for a period of 180 days. In addition, he

agreed to abstain from alcohol and submit to testing, to include Breathalyzer, and not enter into or remain in any establishment where alcohol is the primary item of sale. The Court modified the conditions of supervision to include the aforementioned conditions of supervision.

On October 17, 2005, Victor Hackett was directed to not have contact with Michael Butler given new criminal allegations pending against Mr. Butler at the time. It was alleged that Mr. Butler was involved in manufacturing marijuana for distribution. Mr. Hackett agreed to abide by the directive as given by the undersigned officer.

As an intermediate sanction, Victor Hackett has again been instructed to not have direct or indirect contact with Michael Butler. The offender was instructed to commence substance abuse counseling at New Horizons and follow all treatment recommendations. Victor Hackett is expected to participate in a substance abuse evaluation on March 27, 2006.

It is respectfully recommended that the attached Waiver of Hearing to Modify Conditions of Supervised Release be adopted requiring Victor Hackett to reside at a community corrections center for a period of 120 days. The undersigned officer would also recommend the Court take under advisement the request that the conditions of supervision be modified to authorize a maximum of six random drug and Breathalyzer tests per month. This action is recommended in light of the Ninth Circuit Court of Appeals' findings in United States vs. Stevens (9th Circuit, 2005). The undersigned officer will facilitate placement at the Turner House if Your Honor concurs. However, in the event you choose to have a warrant or summons issued, please advise and the undersigned will prepare the appropriate petition and present it for your signature.

Respectfully submitted,

by *Tommy Rosser*

Tommy Rosser
U.S. Probation Officer
Date: March 7, 2006

---

## THE COURT ORDERS

[ ]  No Action
[ ]  The Extension of Supervision as Noted Above
[X]  The Modification of Conditions as Noted Above
[ ]  Other

_____
Signature of Judicial Officer

March 7, 2006
Date

PROB 49
(3/89)

# United States District Court

### Eastern District of Washington

RECEIVED
MAR 09 2006
CLERK, US DISTRICT COURT
SPOKANE, WASHINGTON

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

To modify the conditions of supervision as follows:

19. You shall abstain from alcohol and shall submit to testing (including urinalysis and Breathalyzer), as directed by the supervising probation officer, but no more than 6 tests per month, in order to confirm continued abstinence from this substance.

21. You shall abstain from the use of illegal controlled substances, and shall submit to urinalysis testing, as directed by the supervising probation officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

22. You shall reside in a community corrections center for a period up to 120 days. You shall not be entitled to the benefits of the prerelease component. You shall abide by the rules and requirements of the facility. You shall remain at the facility until discharged by the Court.

Witness: _____  Signed: _____
Tommy Rosser                       Victor Allen Hackett
U.S. Probation Officer             Probationer or Supervised Releasee

2-27-06
Date